Rita W. Gruber, Judge, concurring. I wholeheartedly agree that reasonable minds could not arrive at the Commission’s conclusion that Mr. Rice failed to prove that any additional medical treatment in the form of pain management recommended by Dr. Covey is reasonable and necessary for the treatment of his compen-sable injury. I write to express- my concern about how the insurer and the Commission viewed Mr. Rice’s need for medical treatment after he returned from Florida. I applaud the insurer’s decision to include the one-month residential-rehabilitation and therapy program as part of his medical treatment, but I wish to express my concern about the lack of follow-up after Mr. Rice- successfully completed the residential-rehabilitation program. Mr. Rice reported that his pain decreased from level ten to level three as a result of the program and that his physical abilities greatly improved without the need for narcotic medications. However, the level returned to nine after he was not referred for the aftercare recommended by the rehabilitation program, which included physical therapy and gym membership. He was also denied additional treatment in the form of pain management recommended by both Dr. Baskin and Dr. Covey. Mr. Rice’s request to return to the program for help was denied, and the respondents contested |inadditional medical care recommended by Dr. Covey primarily because Mr. Rice had once been through drug rehabilitation. The laudable rehabilitation, in my opinion, was undermined by the respondents’ refusal to follow the aftercare recommendations, leading to pain relapse and the need for further medication management as recommended by both Dr. Baskin and Dr. Covey. A primary purpose of our Workers’ Compensation Act is to pay reasonable and necessary medical expenses for each legitimately injured worker and then to return the worker to the work force. Ark.Code Ann. § 11 — 9—101(b) (Repl. 2012). I believe it should be the public policy of the state to follow the purpose of the Act and, when necessary, to provide rehabilitation that meets the needs of each individual worker. Had the aftercare been provided in this case, I believe the outcome would have resulted in a drug-free individual who conceivably would have returned to the workplace. Nobody wants prescription-drug-addiction outcomes in our state. The rehabilitation program in Florida appears to be successful in addressing this issue. Why not replicate this program of treatment for legitimately injured workers in Arkansas?